```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
STATE FARM FIRE & CASUALTY    :
COMPANY,                      :
                              :
          Plaintiff,          :
                              :
v.                            :     Civ. No. 03:13CV101 (AWT)
                              :
MICHAEL YOEL and KENNETH LEE, :
                              :
          Defendants.         :
                              :
------------------------------X
```

### RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, State Farm Fire & Casualty Company ("State Farm"), has moved for summary judgment. For the reasons set forth below, its motion is being denied.

**I.   FACTUAL BACKGROUND**

State Farm brought this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify its insured, Michael Yoel ("Yoel"), in the lawsuit brought in Connecticut Superior Court and captioned <u>Kenneth Lee v. Ann Lee, et al.</u>, Docket No. NNH-CV-12-6025988S, (the "Lee Action"). The amended complaint in the Lee Action (the "Lee Complaint") alleges, <u>inter</u> <u>alia</u>, that on or about December 31, 2010, Yoel struck Kenneth Lee ("Lee"), which caused Lee "to sustain and suffer personal injuries . . . ." (Lee Compl. (Doc. No. 28-1)

-1-

at 1). The Lee Complaint states claims against Yoel for negligence (First Count) and intentional assault (Second Count).

Prior to December 31, 2010, State Farm issued to Yoel a condominium unit-owner policy (the "Policy"), and Yoel has requested that State Farm defend him in the Lee Action pursuant to the terms of the Policy. The Policy states that State Farm will provide a defense at its expense "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." (Policy (Doc. No. 28-2) at 14). The Policy defines "occurrence" as "an accident, including exposure to conditions, which results in . . . bodily injury, or . . . property damage." (Policy (Doc. No. 28-2) at 2). The Policy further states, however, that it does not apply to "bodily injury or property damage which is expected or intended by an insured." (Policy (Doc. No. 28-2) at 16). The Policy states that when an accident or occurrence occurs the insured shall "give written notice to [State Farm] or [its] agent as soon as practicable." (Policy (Doc. No. 28-2) at 18).

State Farm is currently providing a legal defense to Yoel in the Lee Action under a full reservation of rights. State Farm contends in this action, however, that it is not required to defend or indemnify Yoel in the Lee Action because the injury sustained by Lee was not caused by an "occurrence" under the

-2-

Policy, because coverage is barred by the intentional acts exclusion, and because Yoel failed to comply with the Policy's notice provisions.

## II. LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(a) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation marks

omitted).  A material fact is one that would "affect the outcome of the suit under the governing law."  Id.  As the Court observed in Anderson: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Id.  Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted.  Immaterial or minor facts will not prevent summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor."  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).  However, the inferences drawn in favor of the nonmovant must be supported by the evidence.  "[M]ere speculation and conjecture is insufficient to defeat a motion for summary judgment."  Stern v. Trs. of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (internal quotation marks omitted) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)).  Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient;

-4-

there must be evidence on which [a] jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252.

**III. DISCUSSION**

"The insured bears the burden of establishing coverage. Once an insured produces evidence of a covered loss, the burden ordinarily shifts to the insurance company to prove that an exclusion applies to limit or bar coverage." Harleysville Worcester Ins. Co. v. Paramount Concrete, Inc., No. 3:11CV578(SRU), 2014 WL 1305070, *3 (D. Conn. Mar. 31, 2014).

    A.    **"Occurrence" and Intentional Acts Exclusion**

        1.    *Duty to Defend*

"Under Connecticut law, it is well established that a liability insurer has a duty to defend its insured if the pleadings" against the insured "allege a covered occurrence." Ryan v. Nat'l Union Fire Ins. Co., 692 F.3d 162, 167 (2d Cir. 2012) (quoting Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co., 274 Conn. 457 (2005) (alterations omitted)). "In determining whether a claim falls within the scope of an insurance policy, the Supreme Court of Connecticut construes broad policy language in favor of imposing a duty to defend on the insurer, and requires a defense [i]f an allegation of the complaint falls even possibly within the coverage." Id. (internal quotation marks and citation omitted) (emphasis in original). "[T]he obligation of the insurer to defend does not

-5-

depend on whether the injured party will successfully maintain a cause of action against the insured." Middlesex Ins. Co. v. Mara, 699 F. Supp. 2d 439, 448 (D. Conn. 2010). Additionally, "when an exclusion clause is relied upon to deny coverage, the insurer has the burden of demonstrating that the allegations of the underlying complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation." Vermont Mut. Ins. Co. v. Ciccone, 900 F. Supp. 2d 249, 273 (D. Conn. 2012).

The Policy defines an "Occurrence" as "an accident, including exposure to conditions, which results in: a) bodily injury; or b) property damage . . . ."  (Policy (Doc. No. 28-2) at 2).  It further provides, in what is known as the "intentional acts exclusion," that coverage does not apply to "bodily injury or property damage which is expected or intended by an insured."  (Policy (Doc. No. 28-2) at 16).  State Farm argues that it does not have a duty to defend Yoel in the Lee Action because Lee's injuries were not caused by an "occurrence."  Alternatively, State Farm argues that Lee's injuries were expected and/or intended by Yoel, and therefore there is no duty to defend under the Policy's intentional acts exclusion.

"The Connecticut common law definition of 'accident' focuses on lack of intent.  The Connecticut Supreme Court has defined the term 'accident' as an 'unintended,' 'unexpected,' or 'unforeseen, unplanned' event or condition."  Mara, 699 F. Supp. 2d at 447.  In Vermont Mutual Insurance Company v. Walukiecz, the Connecticut Supreme Court held that the word "occurrence," as used in an insurance policy, "encompasses actions taken by an insured in legitimate self-defense."  290 Conn. 582, 596-97 (2009).  The court reasoned that "[b]ecause acts of self-defense are unplanned and unintentional, it follows that they are accidental within the meaning of the policy."  Id. at 597.

Where an insured claims that he acted in self-defense, an insurer's duty to defend "is properly determined by reference to the language of the pleadings and the Policy, not the factual merits of [the insured's] self-defense claim."[1]  Kemper Independence Ins. Co. v. Tarzia, No. 3:11CV294(JCH), 2012 WL 2327703, *3 (D. Conn. June 19, 2012) (citing Imperial Cas. & Indem. Co. v. Connecticut, 246 Conn. 313, 323 (1988)).  In the present case, Yoel claimed in his state court answer that he

---

[1] The court notes that in State Farm Fire & Casualty Company v. Mesniaeff, the court held that an insured's claimed defenses to alleged intentional conduct were irrelevant to the analysis of whether the insurer had a duty to defend because the claimed defenses were not contained in the underlying complaint and the court could only "compar[e] the allegations of [the] complaint with the terms of the insurance policy."  No. 3:12CV01675(VLB), 2014 WL 1154402, *8 (D. Conn. Mar. 21, 2014).  The ruling in Mesniaeff is distinguishable from that in Tarzia because the insured in Mesniaeff did not claim that he acted in self-defense, but rather simply denied the allegations of intentional conduct in the complaint.  Id.

acted in self-defense during the altercation with Lee.  (See Answer (Doc. No. 34) at 11-12 ("That if the plaintiff sustained injury as alleged herein, and if that injury resulted from physical contact with the answering defendant, such contact was initiated in self defense by the answering defendant, or in the defense by the answering defendant of other persons, and was of the same nature, force and magnitude as that which he believed or perceived threatened him, or other people near to him, at the time of the alleged altercation.")).

State Farm argues that Yoel's claim of self-defense cannot support a finding that there was an "occurrence" or that he acted unintentionally because Walukiecz's holding is limited to acts taken in "legitimate" self-defense and the facts surrounding the incident show that Yoel's claim of self-defense is not legitimate.  However, "[w]hile the legitimacy of [Yoel's] self-defense claim would certainly be relevant to a determination of whether [State Farm] has a duty to indemnify [Yoel] against an unfavorable judgment in the [Lee Action], it is not relevant to the determination of whether [State Farm] has a duty to defend [Yoel] in connection with that suit."  Tarzia, 2012 WL 2327703, at *3 (emphasis in original).  "Indeed, it is well established that a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence, even though facts outside the four corners

of those pleadings indicate that the claim may be meritless or not covered." Capstone Bldg. Corp. v. Am. Mostorists Ins. Co., 308 Conn. 760, 805 (2013) (internal quotation marks omitted).

Because Yoel claimed in his state court answer that he acted in self-defense and an act of legitimate self-defense would constitute an "occurrence" under the Policy and would not implicate the Policy's intentional acts exclusion, State Farm has a duty to defend Yoel unless there is some other basis to deny a defense under the Policy.  See Tarzia, 2012 WL 2327703, at *3 (holding that where the insured claimed in his state court answer that he acted in self-defense, there was an occurrence under the policy and the intentional acts exclusion did not apply).  Therefore, State Farm's motion for summary judgment on the ground that there was not an "occurrence" and that the intentional acts exclusion bars coverage is being denied as to the duty to defend.

### 2.  *Duty to Indemnify*

"[T]he duty to defend is significantly broader than the duty to indemnify." DaCruz v. State Farm Fire & Cas. Co., 268 Conn. 675, 688 (2004).  "[W]hile the duty to defend depends only on the allegations made against the insured, the duty to indemnify depends upon the facts established at trial and the theory under which judgment is actually entered in the case." Bd. of Educ. of City of Bridgeport v. St. Paul Fire & Marine

Ins. Co., 261 Conn. 37, 48-49 (2002).  Here, a trial in the Lee Action has yet to occur, and therefore no facts have been established and no judgment has been actually entered.

"While ordinarily the duty to indemnify cannot be established until the end of trial, courts may determine the scope of that duty as a matter of law in advance of trial if a specific theory of liability has been asserted by the plaintiff in the underlying litigation. . . .  [Thus,] a duty to indemnify can be established in advance of trial only if the claims made in the complaint would, if proven, necessarily fall within a particular type of coverage."  Pac. Emp'r's Ins. Co. v. Travelers Cas. & Sur. Co., 888 F. Supp. 2d 271, 279 (D. Conn. 2012).  The Lee Complaint contains claims against Yoel for negligence and intentional assault.  Because the Lee Complaint contains a claim, i.e. intentional assault, which would fall outside of coverage under the Policy because of the intentional acts exclusion, whether State Farm has a duty to indemnify Yoel cannot be determined in advance of trial in the Lee Action.

Therefore, the court cannot determine at this time, as a matter of law, whether State Farm has a duty to indemnify Yoel in the event a judgment is entered against him in the Lee Action.  Thus, summary judgment is being denied as to State Farm's duty to indemnify.

B.     Compliance with Notice Provisions

State Farm also argues that it is entitled to summary judgment because there is no genuine issue of material fact that Yoel "failed to provide notice 'as soon as practicable' to State Farm of the incident," and therefore Yoel has forfeited coverage under the Policy.  (Pl.'s Mem. Supp. Summ. J. (Doc. No. 27) at 17).  State Farm argues that Yoel's failure to give it notice of the incident until over a year after it occurred resulted in prejudice to State Farm.

"Under Connecticut law, absent waiver, an unexcused, unreasonable delay by an insured in notification of a covered occurrence constitutes a failure of condition that entirely discharges an insurance carrier from any further liability on its insurance contract."  Arrowood Indem. Co. v. King ("Arrowood I"), 605 F.3d 62, 77 (2d Cir. 2010).  "Connecticut requires two conditions to be satisfied before an insurer's duties can be discharged pursuant to the 'notice' provision of a policy: (1) an unexcused, unreasonable delay in notification by the insured; and (2) resulting material prejudice to the insurer."  Id.  Thus, "a policyholder who fails to give timely notice of an insurable loss does not forfeit his coverage if . . . his delay did not prejudice his insurer."  Id.  "[T]he insurer bears the burden of proving, by a preponderance of evidence, that it has been prejudiced by the insured's failure to comply with a notice

-11-

provision." Arrowood Indem. Co. v. King ("Arrowood II"), 304 Conn. 179, 201 (2012).

### 1. *Unreasonable Delay*

The notice provision in this case provides that when an accident or occurrence occurs, the insured shall "give written notice to [State Farm] or [its] agent as soon as practicable." (Policy (Doc. No. 28-2) at 18). The Connecticut Supreme Court has "long recognized, in the context of notice provisions, 'as soon as practicable' means 'as soon as can reasonably be expected under the circumstances[.] The duty to give notice does not arise unless and until facts develop which would suggest to a person of ordinary and reasonable prudence that liability may have been incurred, and is complied with if notice is given within a reasonable time after the situation so assumes an aspect suggestive of a possible claim for damages.'" Arrowood II, 304 Conn. at 199 (quoting Plasticrete Corp. v. Am. Policyholders Ins. Co., 184 Conn. 231, 241 (1981)). Thus, "the notice requirement turns not on an insured's subjective assessment of how likely a claim is to be brought, but rather on whether a reasonable person would recognize that liability may have been incurred and the situation so assumes an aspect suggestive of a possible claim for damages." Id. at 200 (internal quotation marks and citation omitted).

"Although the duty to give notice does not attach in the case of a trivial accident where there is no reasonable ground for believing at the time that it involves any injury insured against[, the Connecticut Supreme Court] has long recognized that injury, however slight, received from an accident within the coverage of a liability policy may, and experience indicates, probably will result in a claim for damages." Id. at 199-200.

In the present case, State Farm argues that Yoel failed to provide notice "as soon as practicable" because "Yoel was aware of the incident on December 31, 2010, but inexplicably failed to provide State Farm with notice until January 12, 2012, more than a year later."  (Pl.'s Mem. Supp. Summ. J. (Doc. No. 27) at 17). Yoel contends, however, that State Farm has offered no evidence that Yoel knew that Lee was going file an action against him, and that once Lee filed the Lee Action, Yoel gave State Farm notice of the suit "within approximately 14 days."  (Yoel Mem. Opp. Mot. Summ. J. (Doc. No. 35) at 8).

The fact that Yoel did not know that Lee was going to file an action against him until it was actually filed is not determinative of whether he gave notice "as soon as practicable."  See Arrowood II, 304 Conn. at 200 ("[T]he notice requirement turns not on an insured's subjective assessment of how likely a claim is to be brought . . . .").  Instead, the

court must determine whether "a reasonable person would recognize that liability may have been incurred." Id. (internal quotation marks omitted).

In Arrowood II, the Connecticut Supreme Court held that where an ATV accident occurred that caused a child to suffer a severe head injury that led to hospitalization and a temporary coma, and the accident was caused by the insureds' minor child's use of an ATV entrusted to him by the insureds, "it [was] clear that the [insureds] had an obligation to give notice following the ATV accident." 304 Conn. at 199. The court emphasized the "severe nature" of the accident and the fact that "the injury was far from slight and was unmistakably apparent." Id. at 200. Those facts, the court concluded, "would have led a reasonable person to believe that 'liability may have been incurred' and thus gave rise to a duty to give notice." Id. at 199.

By contrast, in Baker v. Metropolitan Casualty Insurance Company of New York the Connecticut Supreme Court upheld the trial court's holding that an insured had not given late notice of an incident where the insured's car had struck a child, but the child displayed no injuries and the child's mother informed the insured that the child was not injured. 118 Conn. 147, 153-54 (1934). The court concluded that under those circumstances the insured did not have a duty to give notice until he received a letter from the child's attorney claiming damages for injuries

-14-

received in the accident. See id. at 153. Similarly, in Merrimack Mutual Fire Insurance Company v. Selby, the Connecticut Superior Court held that there was a genuine issue of material fact as to when the insured first knew of an occurrence, and therefore whether the insured gave notice as soon as practicable, where an individual fell on the insured's property when the insured was not home, and when the insured asked her realtor, who had been with that individual when she fell, whether the individual was okay, the realtor replied "I think so." No. CV074008234S, 2009 WL 5184329, *6 (Conn. Super. Ct. Dec. 8, 2009).

In the present case, there is a genuine dispute of material fact regarding the severity of Lee's injuries and the extent to which Yoel knew of the injuries. At his deposition, Yoel testified that he hit Lee in the face with his fist four or five times. (Yoel Dep. (Doc. No. 36-1) at 46:6-14). After the first time Yoel hit Lee, Lee fell to the ground and Lee "had a little blood coming out of his mouth." (Yoel Dep. (Doc. No. 36-1) at 48:2-3, 48:22-49:3). Yoel testified that after he got off Lee to go to his car, Lee "got right up [from the ground]." (Yoel Dep. (Doc. No. 36-1) at 54:17-18). Lee testified, however, that after Yoel first hit him, he fainted, and he did not regain consciousness until he was "[i]n the hospital." (Lee Dep. (Doc. No. 28-3) at 30:5-7, 43:18-19). Lee testified that as a result

of being hit, he lost a tooth and had to receive a few stiches to his face. (Lee Dep. (Doc. No. 28-3) at 45:2-4). Thus, there is a genuine dispute of material fact not only as to the extent of Lee's injuries, but also whether Yoel knew that Lee was hospitalized because Yoel testified that he left after Lee got up. Thus, the court cannot determine whether, as a matter of law, Yoel should have recognized that liability may have been incurred at the time of the incident.

### *2.  Prejudice to Insurer*

Even if the court were to determine that Yoel did not give notice of the incident to State Farm as soon as practicable, State Farm would have to show that it was materially prejudiced by Yoel's late notice.

State Farm contends that it was prejudiced by Yoel's failure to provide it with notice "as soon as practicable." State Farm states that it was deprived of the opportunity to investigate the incident "while the facts were fresh in the minds of witnesses and parties." (Pl.'s Mem. Supp. Summ. J. (Doc. No. 27) at 18). In support of its argument that it was prejudiced, State Farm submitted the affidavit of Robin Klippel, a State Farm employee, who states that "[b]ecause of the late notice, State Farm has been unable to locate certain witnesses to the altercation including Nhu Le, who provided a written statement to the police." (Robin Klippel Aff. (Doc. No. 28-5)

at ¶ 6). In response, Yoel argues that State Farm has failed to meet its burden of showing that it was materially prejudiced because Klippel's affidavit "does not demonstrate that State Farm would have been able to locate Nhu Le earlier or whether her statement would be significant in the resolution of the underlying case," and therefore, there is a genuine issue of material fact as to whether State Farm suffered material prejudice as a result of the alleged late notice. (Yoel Mem. Opp. Mot. Summ. J. (Doc. No. 35) at 9).

The Second Circuit has stated that "[t]here is some authority that, in Connecticut, an insurer's inability to investigate facts that might reduce its liability constitutes material prejudice." Arrowood I, 605 F.3d at 79 (citing Hartford Ins. Co. v. Colonia Ins. Co., 58 Conn. App. 39, 44 (2000) (affirming the trial court's finding of material prejudice where the "complete failure to notify deprived the defendant of its opportunity to investigate the possibility that the damage was caused by the negligence of another . . . [and] the opportunity to pursue a compromise or settlement")). However, case law prior to Arrowood II cannot be given great weight in analyzing the extent to which an insurer must be prejudiced in its ability to investigate facts before that prejudice becomes "material" because, in Arrowood II, the Connecticut Supreme Court reallocated the burden, from the

insured to the insurer, of showing that prejudice resulted from an insured's failure to comply with a notice provision. See 304 Conn. at 201-03. Thus, because cases prior to Arrowood II focused on whether the insured had met its burden of showing that the insurer was not prejudiced, there was in those cases only limited discussion of what factual scenarios tended to show prejudice. Consequently, those cases are of limited utility in analyzing whether, under the current allocation of the burden of proof, the insurer has met its burden of showing that it was materially prejudiced.

The court has also considered two cases decided since Arrowood II: Prizio v. Lincoln Nat'l Life Ins. Co., No. 3:11CV736(JBA), 2014 WL 1315648 (D. Conn. Mar. 31, 2014), and Garre v. Peerless Ins. Co., No. CV126013760, 2013 WL 4504933 (Conn. Super. Ct. Aug. 7, 2013). In Prizio, the court held that the insurer was materially prejudiced in its ability to investigate the insured's claim for depression-related total disability where the insured filed her claim three years after she said the disability began and the insurer was unable to interview the insured's co-workers from the period predating her disability. See 2014 WL 1315648, at *1. In Garre, the court held that the insurer failed to create a genuine issue of material fact as to whether it had been prejudiced where it submitted no evidence in support of its assertion that the

property which was the subject of the insured's claim had not been protected from further damage since the date of the incident giving rise to the claim. See 2013 WL 4504933, at *5-6.

In addition, Arrowood II continues to recognize that "a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage." Aetna Cas. & Sur. Co. v. Murphy, 206 Conn. 409, 417-18 (1988), overruled on other grounds by Arrowood II. See Arrowood II, 304 Conn. at 202-03.

In the present case, State Farm claims that it was prejudiced by Yoel's late notice because it has unable to locate certain witnesses to the altercation, including Nhu Le ("Le"). However, as Yoel argues in his opposition memorandum, there is a question as to whether earlier notice would have allowed State Farm to locate Le. Additionally, State Farm has presented no evidence regarding the other unnamed individuals who it has been unable to locate, explaining who those individuals are, why State Farm has been unable to locate them and why the inability to locate them has prejudiced State Farm. Furthermore, even assuming State Farm could have located Le if it had received earlier notice of the incident from Yoel, there is a dispute as to whether State Farm has been materially prejudiced in its

ability to obtain a statement from Le because State Farm has a copy of the statement that Le gave to the police. See Arrowood I, 605 F.3d at 79 (questioning whether the inability of the insurer to inspect the ATV involved in the accident due to late notice prejudiced the insurer when there existed "a contemporaneous police record of the accident which stated that '[n]o obvious defects [of the ATV] were noted.'"). Thus, there is a genuine issue of material fact as to whether State Farm has been prejudiced by Yoel's alleged late notice.

Because there are genuine issues of material fact as to whether Yoel's delay in notifying State Farm of the incident was unexcused and unreasonable and, if it was, whether it resulted in material prejudice to State Farm, State Farm's motion for summary judgment on the basis of noncompliance with the notice provision in the Policy is being denied.

## IV. CONCLUSION

For the reasons set forth above, the plaintiff's Motion for Summary Judgment (Doc. No. 26) is hereby DENIED.

It is so ordered.

Dated this 21st day of August, 2014, at Hartford, Connecticut.

                                                      /s/
                                    Alvin W. Thompson
                            United States District Judge